" That there is no evidence that the state or any officer or representative thereof failed or neglected to perform any duty or obligation which it or he owed to the deceased at the time and place of the accident which resulted in the death of decedent. That the death of the decedent was due to his own carelessness and negligence." The Appellate Division held that there was no legal or moral obligation upon the part of the state to pay damages for the death and that the legislature was without power to authorize payment of such claim.

*Samuel Leavitt* for appellant.

*Charles D. Newton, Attorney-General (Henry C. Henderson* of counsel), for respondent.

Judgment affirmed, with costs; no opinion.

Concur: HISCOCK, Ch. J., HOGAN, CARDOZO, POUND, MCLAUGHLIN, CRANE and ANDREWS, JJ.

---

JAMES C. DAVIS, Director-General of Railroads, as Agent of the ERIE RAILROAD COMPANY, Appellant, *v.* JAMES A. P. RAMSDELL et al., as Copartners under the Firm Name of THE KING COAL COMPANY, Respondent.

*Carriers — railroads — demurrage — allowance for bunched deliveries and frozen shipments.*

*Davis* v. *Ramsdell*, 201 App. Div. 855, affirmed.

(Argued October 19, 1922; decided November 21, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 11, 1922, unanimously affirming a judgment in favor of plaintiff entered upon a decision of the court on trial at Special Term. The action was brought to recover demurrage on cars of coal consigned to the defendants at Newburgh, N. Y., and the amount of demurrage claimed was $5,345. Upon the trial the defendants relied upon two affirmative defenses, viz.: That the defendants were entitled to free time for unloading beyond that allowed in the complaint, because the cars had been " bunched " and delivered in accumulated numbers; and that the

ladings in many cases had been frozen, and that the defendants, on such cars, were entitled to the additional time necessary in unloading the frozen shipments, for which no allowance had been made by the plaintiff. The trial court found that the defendants were entitled to an allowance of $2,442 on the amount sued for, because of the bunching of the cars in delivery. The plaintiff made no complaint of that allowance and did not appeal from that portion of the decision. The trial court also found that the defendants were entitled to an allowance of $2,208 on the amount sued for, because certain of the shipments had been frozen in transit. From this latter allowance the plaintiff appealed.

*Elbert N. Oakes* for appellant.
*Graham Witschief* for respondents.

Judgment affirmed, with costs; no opinion.
Concur: HISCOCK, Ch. J., HOGAN, MCLAUGHLIN, CRANE and ANDREWS, JJ. Dissenting: CARDOZO and POUND, JJ.

_____

884 WEST END AVENUE CORPORATION, Appellant, *v.* ROBERT PEARLMAN, Respondent.

*Landlord and tenant — lease — provision in lease for five years that upon default in payment of monthly installment of rent entire balance of rent reserved becomes due and payable unconscionble and in the nature of a penalty and unenforcible.*

*884 West End Avenue Corpn.* v. *Pearlman,* 201 App. Div. 12, affirmed.

(Argued October 19, 1922; decided November 21, 1922.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered June 28, 1922, unanimously affirming a judgment in favor of defendant entered upon a dismissal of the complaint by the court at a Trial Term. The action was for rent under a lease for a term of five years commencing October 1, 1920. The complaint alleged non-payment of the monthly installment of rent due for the month of January, 1921, and that because